**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH A. CARTER, | No. 13-36120 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05628-RJB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted May 3, 2016
Seattle, Washington

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Claimant Elizabeth Carter appeals from the district court's decision

dismissing her challenge to the administrative law judge's ("ALJ") determination

that she is not disabled. Reviewing the district court's decision de novo and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ALJ's decision for substantial evidence, <u>Lockwood v. Comm'r Soc. Sec. Admin.</u>, 616 F.3d 1068, 1071 (9th Cir. 2010), we affirm.

1. The ALJ provided "specific [and] legitimate reasons" for giving little weight to some of the treating doctors' opinions. <u>Jamerson v. Chater</u>, 112 F.3d 1064, 1066 (9th Cir. 1997).

In particular, it was proper for the ALJ to give little weight to a portion of Dr. Sandra Ritland's opinion that was uncertain and speculative, as well as a portion of Dr. David Little's opinion that did not rest on mental status testing. <u>See</u> <u>Chaudhry v. Astrue</u>, 688 F.3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (internal quotation marks omitted)).

The ALJ properly gave little weight to the opinions of Dr. Brett T. Copeland, Dr. Charles M. Regets, and Jeannette Revay because those opinions were inconsistent with other medical evidence in the record and with Claimant's own testimony regarding her social and recreational activity level. <u>See</u> <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1162 (9th Cir. 2014) (noting that an inconsistency between a treating physician's opinion and a claimant's daily activities is a specific and legitimate reason to discount the treating physician's opinion).

2

The ALJ did not err in failing to discuss the opinion of Dr. Sattar directly. The ALJ's finding of a severe mental impairment is consistent with Dr. Sattar's opinion, and Dr. Sattar's conclusions are consistent with the residual functional capacity ("RFC") that the ALJ found. Likewise, Claimant has not shown how Jeri Lyn Reinertsen's findings are inconsistent with the RFC. See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam) (stating that the ALJ "need not discuss all evidence presented" and need only "explain why significant probative evidence has been rejected" (internal quotation marks omitted)).

Finally, the ALJ did not err in affording great weight to the opinions of Drs. Robert Hoskins, John F. Robinson, and William Lysak. Claimant has not identified any change in her medical condition that would have prevented those doctors from reaching their conclusions after they conducted their evaluations.

2. The ALJ provided "clear and convincing reasons" for finding Claimant's testimony not fully credible, Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008), and those reasons are supported by substantial evidence: Claimant's medical history did not match her claims; Claimant did not consistently seek out medical treatment for some of her alleged symptoms; Claimant testified that she was able to perform tasks that suggested she was not as

3

impaired as she had alleged; and Claimant's medical records displayed a history of her exaggerating her symptoms. See Ghanim, 763 F.3d at 1165 (noting that "[d]aily activities may . . . be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting" (internal quotation marks omitted)); Chaudhry, 688 F.3d at 672 (noting permissible grounds for supporting an adverse credibility determination, including the failure to seek treatment or to follow a treatment plan); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (upholding an adverse credibility finding where the ALJ cited, among other things, the claimant's "tendency to exaggerate" and "inconsistent statements"); Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999) (noting that an ALJ's determination that a claimant's subjective complaints are "inconsistent with clinical observations" can satisfy the clear and convincing evidence requirement).

3. The ALJ did not improperly reject lay witness evidence. The lay witnesses reiterated many of Claimant's complaints regarding the severity of her back pain and mental symptoms, which were claims that the ALJ had permissibly discredited. See Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need

4

only point to those reasons when rejecting similar testimony by a different witness."); <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009) (holding that a lay witness' testimony was properly rejected because the ALJ had provided clear and convincing reasons for rejecting the claimant's "similar" testimony).

4. Claimant submitted additional evidence to the Appeals Council consisting of treatment notes from various health providers, as well as further evaluation reports from Dr. Janis Lewis and Dr. Little. In making her residual functional capacity determination, the ALJ relied on several medical evaluations including the full opinions of Drs. Hoskins, Robinson, Lysak, and Trevelyan Houck; the full opinions of Jeri Lyn Reinertsen and Sarah McEvoy; much of Dr. Ritland's opinion; much of Dr. Little's prior opinion; and all of Dr. Lewis' prior opinion. The new evidence that Claimant submitted directly to the Appeals Council is not enough to establish that all of the ALJ's decision was not based on substantial evidence.

5. Claimant's remaining arguments—that the ALJ erred in her assessment of the RFC and in her conclusion that Claimant could perform jobs that exist in significant numbers in the national economy—are derivative of the claims discussed above. Claimant failed to show that the RFC was not based on

substantial evidence.  Because the RFC was not erroneous, the ALJ did not err in relying on the vocational expert's testimony that someone with Claimant's symptoms could perform jobs that exist in significant numbers in the national economy.

**AFFIRMED.**